**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| FIVE STAR ROYALTY PARTNERS, LTD. | § § § | Civil Action No. 6:21-cv-00181 |
| Plaintiff, | § § | |
| vs. | § § | **PLAINTIFF'S ORIGINAL COMPLAINT** |
| PARSLEY ENERGY OPERATIONS, LLC, | § § § | |
| Defendants | § § | |

Plaintiff Five Star Royalty Partners, Ltd. ("Five Star") complains of Defendant Parsley Energy Operations, LLC ("Parsley") as follows:

## I.   NATURE OF THE CASE

1.      Parsley owns oil and gas working interests pursuant to mineral leases (the "Leases") conveyed on acreage covered by a May 5, 1927 deed (the "Deed").  Five Star is the successor to the Deed's grantee, and owns a three-eighths (3/8) interest in the mineral estate of the affected lands.  As a result of this interest, this Court, as affirmed by the Fifth Circuit, has held, in a final and enforceable judgment, that Five Star has the right to receive three-eighths (3/8) of the royalties paid on production from the lands described by the Deed.  *See Five Star Royalty Partners, Ltd. v. Mauldin*, 973 F.3d 367 (5th Cir. 2020).  Accordingly, Parsley owes Five Star royalties on all mineral production pursuant to the Leases.

2.      Because of the aforementioned title dispute among its royalty owners, Parsley suspended payment on disputed royalty proceeds, until the lawsuit confirmed Five Star's entitlement to the disputed proceeds.  Parsley represented to Five Star that all disputed proceeds

had been placed in suspense until the lawsuit was resolved.  Five Star learned recently that this representation was false.

3.      Promptly upon the issuance of the Fifth Circuit's mandate, Five Star demanded that Parsley pay Five Star all of the formerly disputed royalties.  In breach of its obligations under its leases and the Texas Natural Resources Code, Parsley has failed and refused to pay all of the royalties it owes Five Star, which are now past due.  Five Star brings this lawsuit to recover from Parsley its past due royalties, actual and punitive damages, attorneys' fees and costs, and prejudgment and post-judgment interest pursuant to applicable Texas law.

## II.      PARTIES

**A.      Plaintiff**

4.      Plaintiff Five Star Royalty Partners, Ltd. is a limited partnership.  For purposes of federal diversity jurisdiction, its citizenship is determined by the citizenship of its partners.  Five Star's limited partners are:

a.      A. S. Pollack, as trustee of the Andrea Singer Pollack Revocable Trust, who is an individual residing and domiciled in Colorado, and is a citizen of Colorado;

b.      Polo Creek Enterprises LLC, a Colorado limited liability company having the following members:

1.      Cintra Pollack, as trustee of the Noah Pollack Annuity Trust, who is an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

2.      Cintra Pollack, as trustee of the Cintra Pollack Annuity Trust, who is an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

3.      Race Street Management, LLC, a Colorado limited liability company, having the following members:

i.      Cintra Pollack, who is an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

    ii. Noah Pollack, who is an individual residing and domiciled in New York, and who is a citizen of New York;

 c. Noah Pollack, as trustee of the Noah Singer Pollack Revocable Trust, who is an individual residing and domiciled in New York, and is a citizen of New York;

 d. Cintra Pollack, as trustee of the Cintra Pollack Revocable Trust, who is an individual residing and domiciled in Colorado, and is a citizen of Colorado;

 e. Rance Kevin Preston, an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

 f. Pamela Kingery, an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

 g. Steven Edwards, an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

 h. Steven Fiedler, an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

 i. Karen Griffith, an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

 j. Denise Tursick, an individual residing and domiciled in Colorado, and who is a citizen of Colorado;

 k. Cintra Pollack, as trustee of the Noah Pollack 2012 Trust, who is an individual residing and domiciled in Colorado, and is a citizen of Colorado;

 l. Cintra Pollack, as trustee of the Cintra Pollack 2012 Trust, who is an individual residing and domiciled in Colorado, and is a citizen of Colorado.

 5. Five Star's sole general partner is ASPRP, L.L.C., which is a limited liability company having as its sole member Andrea Pollack. Andrea Pollack is an individual residing and domiciled in Denver, Colorado, and is a citizen of Colorado. For purposes of federal diversity jurisdiction, ASPRP, L.L.C. is a citizen of Colorado, which is the state of which its sole member is a citizen. Five Star is a citizen of Colorado, because its sole general partner, ASPRP, L.L.C., and all but one of its limited partners are citizens of Colorado, and is a citizen of New

York because two of its limited partners, Polo Creek Enterprises, LLC and Noah Pollack, are citizens of New York.

**B.**     **Defendant**

6.     Defendant Parsley Energy Operations, LLC is a wholly owned subsidiary of Pearl Second Merger Sub LLC, a Delaware limited liability company, which is a wholly owned subsidiary of Pioneer Natural Resources Company, a Delaware corporation with its principal place of business in Texas.  Accordingly, Defendant is a citizen of Texas and of Delaware.

### III.     JURISDICTION AND VENUE

7.     The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8.     Defendant Parsley is subject to personal jurisdiction in the State of Texas because it is a resident of Texas and because it has committed acts complained of within this judicial district in Texas.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the Defendant has its principal place of business in this judicial district.  Venue also is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this district, and a substantial part of the property that is the subject of this action is located in this district.

### IV.     CONDITIONS PRECEDENT

10.     All conditions have been performed or have occurred.

## V.   <u>FACTS</u>

11.     Plaintiff Five Star owns mineral rights covering lands within the acreage described by the Deed.

12.     Defendant Parsley is an upstream oil and gas production company that is a lessee under the Leases.  These contracts, either directly or as a result of assignment, provide for Defendant to develop the leased premises and produce, market and sell oil, gas and associated hydrocarbons in paying quantities.  The contracts obligate Defendant to pay Five Star royalties on oil and gas produced by and through the oil and gas lease contracts.

13.     Because of a dispute between Five Star and certain other mineral owners under the Leases, Parsley suspended some (but not all) of the royalty proceeds attributable to the disputed interest.  This dispute was ultimately resolved by this Court and affirmed by the Fifth Circuit.  *See Five Star Royalty Partners, Ltd. v. Mauldin*, 973 F.3d 367 (5th Cir. 2020).  Parsley subsequently paid Five Star all formerly disputed proceeds that had been properly placed in suspense.  However, contrary to its representations to Five Star, Parsley failed to place all disputed royalty proceeds in suspense.

14.     In 2016 and 2019, Parsley sent Five Star division orders covering the wells that are attributable to the unpaid royalty proceeds.  In these division orders, which were effective as of the date oil and gas production were first sold from the wells (at the latest), Parsley falsely represented to Five Star that all disputed proceeds were being placed in suspense until the dispute with the other Parsley royalty owners was resolved.  For example:

NADOA Model Form Division Order (Adopted 9/95)

## DIVISION ORDER

To: Parsley Energy Operations LLC
    P O Box 11090
    Midland, TX  79702

Date:    May 3, 2016
Effective:
Date of First Sales

| FSRP Property No. | Well name | Parsley Property No. | Undisputed Interest | Disputed Interest* | Total NPRI Claimed by FSRP |
|---|---|---|---|---|---|
| 77-956069 | K Bird 12-13 4405H | | 0.046875 | 0.046875 | 0.09375 |
| 77-956070 | K Bird 12-13 4401H | 543204401H | 0.046875 | 0.046875 | 0.09375 |

Operator:    Parsley Energy Operations, LLC
County and State:    Upton and Reagan Counties, Texas
Property Description:    W/2 Section 12, D&W RR Co Survey, A-551, below 9000'
    W/2 Section 13, EL&RR Survey, A-132, below 9000'
    Upton and Reagan Counties, Texas
Production:    Oil and Gas (to include condensate)

Owner Name and Address:
**Five Star Royalty Partners, Ltd. ("FSRP")**
P.O. Box 22084
Denver, CO 80222

OWNER NUMBER:  7696
Type of Interest:  NPRI
Decimal Interest:  See above

The undersigned certifies the ownership of their decimal interest in production or proceeds as described above payable by Parsley Energy Operations, LLC, (Payor).

Payor shall be notified, in writing, of any change in ownership, decimal interest, or payment address. All such changes shall be effective the first day of the month following receipt of such notice.

Payor is authorized to withhold payment pending resolution of a title dispute or adverse claim asserted regarding the interest in production claimed herein by the undersigned. The undersigned agrees to indemnify and reimburse Payor any amount attributable to an interest to which the undersigned is not entitled.

Payor may accrue proceeds until the total amount equals $100.00, or pay annually, whichever occurs first, or as required by applicable state statute.

This Division Order does not amend any lease or operating agreement between the undersigned and the lessee or operator or any other contracts for the purchase of oil or gas.

In addition to the terms and conditions of this Division Order, the undersigned and Payor may have certain statutory rights under the laws of the state in which the property is located.

Special Clauses:
It is agreed that Parsley will disburse the "non-disputed" interest until title is resolved to the entire interest claimed by Five Star Royalty Partners, Ltd. as reflected above.
*Disputed interest to be held in suspense pending final resolution of title with executory interest owner(s).

FIVE STAR ROYALTY PARTNERS, LTD.    WITNESS:

Owner(s) Signature(s):    _____    _____
    A.S. Polfack, Manager of ASPRP, LLC    Denise Tursick
    General Partner

    _____
    Patti L. Davis, CPL

Owner(s) Tax I.D. Number(s):  # 84-1524777    Email Contact:  Patti L. Davis, CPL, Land Manager
    pdavis@avivainc.net

Owner Daytime Telephone #:  303-357-5499    Owner FAX Telephone #: 303-316-7850

Failure to furnish your Social Security / Tax I.D. number will result in withholding tax in accordance with
Federal Law, any tax withheld will not be refundable by Payor

NADOA Model Form Division Order (Adopted 9/95)

## DIVISION ORDER

To: Parsley Energy Operations LLC      Date:      May 3, 2016
     P O Box 11090      Effective:      Date of First Sales
     Midland, TX  79702

| FSRP Property No. | Well Name | Parsley Property No. | Undisputed Interest | Disputed Interest* | Total NPRI Claimed by FSRP |
|---|---|---|---|---|---|
| 77-956041 | Welch Trust 8 1 | | 0.046875 (3/8 x 1/8) | 0.031875 (3/8 x 8.5%%) | 0.07875 |
| 77-956042 | Welch Trust 8 2 | | 0.046875 (3/8 x 1/8) | 0.031875 (3/8 x 8.5%%) | 0.07875 |
| 77-956043 | Welch Trust 8 3 | | 0.046875 (3/8 x 1/8) | 0.031875 (3/8 x 8.5%%) | 0.07875 |
| 77-956023 | Welch Trust 12 2 | | 0.046875 (3/8 x 1/8) | 0.031875 (3/8 x 8.5%%) | 0.07875 |
| 77-956024 | Welch Trust 12 1 | | 0.046875 (3/8 x 1/8) | 0.031875 (3/8 x 8.5%%) | 0.07875 |
| 77-956045 | Welch Trust 13 1 | | 0.046875 (3/8 x 1/8) | 0.031875 (3/8 x 8.5%%) | 0.07875 |
| 77-956046 | Welch Trust 13 2 | | 0.046875 (3/8 x 1/8) | 0.031875 (3/8 x 8.5%%) | 0.07875 |

Operator:      Parsley Energy Operations, LLC
County and State:      Upton and Reagan Counties, Texas
Property Description:      E/2 Section 8, D&W Ry Co Survey A-550, below 9000'
     E/2 Section 12, D&W Ry Co Survey, A-551, below 9200'
     E/2 Section 13, EL&RR Survey, A-132, below 9200'
     Upton and Reagan Counties, Texas
Production:      Oil and Gas (to include condensate)

Owner Name and Address:      OWNER NUMBER: 7696
Five Star Royalty Partners, Ltd. ("FSRP")      Type of Interest:      NPRI
P.O. Box 22084      Decimal Interest:      See above
Denver, CO 80222

The undersigned certifies the ownership of their decimal interest in production or proceeds as described above payable by Parsley Energy Operations, LLC, (Payor).

Payor shall be notified, in writing, of any change in ownership, decimal interest, or payment address. All such changes shall be effective the first day of the month following receipt of such notice.

Payor is authorized to withhold payment pending resolution of a title dispute or adverse claim asserted regarding the interest in production claimed herein by the undersigned. The undersigned agrees to indemnify and reimburse Payor any amount attributable to an interest to which the undersigned is not entitled.

Payor may accrue proceeds until the total amount equals $100.00, or pay annually, whichever occurs first, or as required by applicable state statute.

This Division Order does not amend any lease or operating agreement between the undersigned and the lessee or operator or any other contracts for the purchase of oil or gas.

In addition to the terms and conditions of this Division Order, the undersigned and Payor may have certain statutory rights under the laws of the state in which the property is located.

Special Clauses:
It is agreed that Parsley will disburse the "non-disputed" interest until title is resolved to the entire interest claimed by Five Star Royalty Partners, Ltd. as reflected above.
*Disputed interest to be held in suspense pending final resolution of title with executory interest owner(s).

FIVE STAR ROYALTY PARTNERS, LTD.      WITNESS:

Owner(s) Signature(s): _____      _____
     A.S. Pollack, Manager of ASPRP, LLC      Denise Tursick
     General Partner

     _____
     Patti L. Davis, CPL

Owner(s) Tax I.D. Number(s): #84-1524777      Email Contact: Patti L. Davis, CPL, Land Manager
     pdavis@avivainc.net

Owner Daytime Telephone #: 303-357-5499      Owner FAX Telephone #: 303-316-7650

Failure to furnish your Social Security / Tax I.D. number will result in withholding tax in accordance with Federal Law, any tax withheld will not be refundable by Payor

**PLAINTIFF'S ORIGINAL COMPLAINT – Page 7**

 **PARSLEY**

## OIL AND GAS DIVISION ORDER

| | | | |
|---|---|---|---|
| Operator: | Parsley Energy Operations | To: | Parsley Energy Operations, LLC |
| Property Number: | See Exhibit | | 303 COLORADO ST, STE. 3000 |
| Property Name: | See Exhibit | | AUSTIN, TX 787010000 |
| Effective Dates: | See Exhibit | | |

| Owner Number | Owner Name/Address | Interest | Interest Type |
|---|---|---|---|
| 7696 | FIVE STAR ROYALTY PARTNERS LTD<br>P.O. BOX 22084<br>DENVER, Colorado 802220000 | See Exhibit | See Exhibit |

The undersigned certifies the ownership of their decimal interest in production or proceeds as described above or on the attached exhibit payable by PARSLEY ENERGY OPERATIONS, LLC.

PARSLEY ENERGY OPERATIONS, LLC shall be notified, in writing, of any change in ownership, decimal interest, or payment address. All such changes shall be effective the first day of the month following receipt of such notice.

PARSLEY ENERGY OPERATIONS, LLC is authorized to withhold payment pending resolution of a title dispute or adverse claim asserted regarding the interest in production claimed here in by the undersigned.

The undersigned agrees to indemnify and reimburse PARSLEY ENERGY OPERATIONS, LLC any amount attributable to an interest to which the undersigned is not entitled.

PARSLEY ENERGY OPERATIONS, LLC may accrue proceeds until the total amount equals $100.00, or pay annually, whichever occurs first, or as required by applicable state statute.

This Division Order does not amend any lease or operating agreement between the undersigned and the lessee or operator or any other contracts for the purchase of oil or gas.

In addition to the terms and conditions of this Division Order, the undersigned and PARSLEY ENERGY OPERATIONS, LLC may have certain statutory rights under the laws of the state in which the property is located.

Special Clause:

Five Star Royalty Partners, Ltd.

Owner Signature: _____   Witness Signature: _____

A.S. Pollack, Manager of ASPRP, LLC,
General Partner

Owner Tax ID/SS No: _084-1524777_

Owner Daytime Telephone No: _303-321-0606_

Owner Email Address: _nkoeniger@avivainc.net_

Federal Law requires you to furnish your Social Security or Taxpayer Identification Number. Failure to comply will result in 28% tax withholding and will not be refundable by Payor.

Please retain for your records

SCANNED

**PLAINTIFF'S ORIGINAL COMPLAINT** – Page 8

Parsley Energy Operations, LLC

**Exhibit A**

Report Generation Date 2020-11-13 15:57:08 PM

| | Property | Property Name | Eff. From | Owner Number | Owner Name | Interest Type | Products | NRI Decimal | Pay Code | Pay Code Reason |
|---|---|---|---|---|---|---|---|---|---|---|
| FS #956055 | 500091 | WELCH TRUST B-7-E-4209H | 03/01/2019 | 7696 | FIVE STAR ROYALTY PARTNERS LTD | Non-Participating Royalty | All Products | .0234420325 | Pay | DIVISION ORDER EXECUTED-OWNER IN PAY |
| | Legal Description: , REAGAN County, Texas | | | | | | | | | |
| FS #956055 | 500091 | WELCH TRUST B-7-E-4209H | 03/01/2019 | 7696 | FIVE STAR ROYALTY PARTNERS LTD | Overriding Royalty | All Products | .0117210199 | Suspend | LITIGATION-PARSLEY NOT A PARTY |
| | Legal Description: , REAGAN County, Texas | | | | | | | | | |
| FS #956056 | 500092 | WELCH TRUST B-7-E-4309H | 03/01/2019 | 7696 | FIVE STAR ROYALTY PARTNERS LTD | Non-Participating Royalty | All Products | .0234606830 | Pay | DIVISION ORDER EXECUTED-OWNER IN PAY |
| | Legal Description: , REAGAN County, Texas | | | | | | | | | |
| FS #956056 | 500092 | WELCH TRUST B-7-E-4309H | 03/01/2019 | 7696 | FIVE STAR ROYALTY PARTNERS LTD | Overriding Royalty | All Products | .0117403399 | Suspend | LITIGATION-PARSLEY NOT A PARTY |
| | Legal Description: , REAGAN County, Texas | | | | | | | | | |
| FS #956057 | 550801H | WELCH TRUST B-7-E-4409H | 03/01/2019 | 7696 | FIVE STAR ROYALTY PARTNERS LTD | Non-Participating Royalty | All Products | .0396048152 | Pay | DIVISION ORDER EXECUTED-OWNER IN PAY |
| | Legal Description: E/2 Sec. 8 Blk. D, Survey: D & W RR Co., REAGAN County, Texas | | | | | | | | | |

15.     Parsley also falsely represented in various email correspondence with Five Star that the disputed royalties were being placed in suspense. For instance, in a 2016 email from a Parsley landman to Five Star, Parsley stated:

**From:** Jason Nettles [mailto:JNettles@parsleyenergy.com]
**Sent:** Tuesday, May 03, 2016 1:22 PM
**To:** Patti Davis
**Cc:** Lisa Thomas
**Subject:** RE: Calc of Interest for Five Star Royalty Partners, Ltd. in K-Bird and Welch Trust wells; Upton and Reagan Counties, TX

Patti,

It appears that we have not received signed Division Orders back on the undisputed interest, so it is currently in suspense pending a signed Division Order. I believe we sent out DO's with undisputed interest on them and have not received them back from your group. The disputed portion of the interest for most of the wells is being held in legal suspense for now. It looks like we are paying Five Star the full 9.375% in the K Bird 8 wells, which I believe needs to be adjusted as well and a portion of that interest should be held in suspense like we are doing for the other K Bird tracts.

Thanks,

**Jason B. Nettles**
Area Landman

 PARSLEY ENERGY

303 Colorado Street, Suite 3000
Austin, Texas 78701
Office: 737.704.2300
Direct: 512.220.3079
Cell: 432-254-0242
Email: jnettles@parsleyenergy.com

And in another 2016 email, Parsley again falsely represented that the disputed interests were being placed in suspense:

**From:** Jason Nettles [mailto:JNettles@parsleyenergy.com]
**Sent:** Wednesday, February 17, 2016 1:22 PM
**To:** Patti Davis
**Subject:** RE: Calc of Interest for Five Star Royalty Partners, Ltd. in K-Bird and Welch Trust wells; Upton and Reagan Counties, TX

Patti,

Sorry it has taken me so long to get back to you. I have been in contact with Jack Mauldin who is an Executive Rights owner in the Welch Trust and he is making a claim on the interest as well. I provided him with your contact information, so he will probably contact you in the next couple of days.

Also, Mrs. Bird has hired an attorney who is going through all of her interest in this area as well, he has been calling me at least once a week regarding her interest. He has not brought up the NPRI on the Bird 8,12 and 13 yet, but I just wanted to give you a heads up that it is a possibility.

4

In your email below from December, you stated that we previously agreed on the royalty calculation which is true as to Section 8, our opinions for Section 12 and 13 were prepared by a different attorney and he interpreted the deed as conveying 3/8 of 1/8 which is why the DO's for the K Bird 12-13 were different than the K Bird 8. In the end this is an issue that the owners need to work out and I have probably been too involved in the process. At this point, the only interest that has not been disputed is the K Bird 8, so all other tracts which the interest is being disputed will be put in suspense pending an agreement between the owners of the interest, which should include the K Bird 8 tract as well.

If you would like contact information for any of the parties, let me know and I will be happy to provide it to you.

Thanks,

**Jason B. Nettles**
Area Landman

16.     Through further correspondence with Five Star, Parsley has recently confirmed the falsity of Parsley's prior representations that all disputed proceeds were being placed into suspense.  Because Parsley is the operator of the applicable oil and gas wells, Parsley had actual knowledge that not all disputed royalties had been placed into suspense.  Parsley concealed this failure by misrepresenting, through division orders and email correspondence, that all disputed

royalties had been placed in suspense, as of the date of first sales of production from the relevant wells, at the latest.  Parsley's purpose in making these misrepresentations was to conceal its failure to properly suspend all disputed royalties, as of first production from the wells.  Having no way of independently verifying whether or not Parsley had in fact suspended all disputed royalty payments, Five Star reasonably relied on these misrepresentations.

17.     Defendant Parsley has failed and refused to pay Five Star royalties Five Star is due under the Leases.  The previously disputed royalties are due to be paid to Five Star and are presently past due.  Parsley has failed to pay those past due royalties it owes Five Star that Parsley now claims were never placed into suspense.

## VI.     CLAIMS

### COUNT 1 – Breach of Contract

18.     Plaintiff Five Star incorporates by reference all preceding paragraphs.

19.     Plaintiff Five Star owns mineral interests under the Leases and is due to be paid royalties on all mineral production occurring under them.

20.     Plaintiff Five Star, as a party to the Leases and assignments, is the proper party to enforce the terms of the Leases and assignments and has performed, or substantially performed, any and all necessary conditions precedent, dependent obligations, and/or dependent covenants owed under the Leases and assignments.

21.     Plaintiff Five Star is, and has been, entitled to payment by Defendant Parsley of Plaintiff Five Star's share of the royalties due under the Leases and assignments.

22.     Defendant Parsley's failure and refusal to timely pay the royalties it owes Five Star constitutes a material breach of Defendant Parsley's obligations under the Leases.

23.     Defendant Parsley has materially breached its contractual obligations to Plaintiff Five Star by failing to pay the agreed royalty payments for minerals produced from the relevant lands.

24.     Defendant's contractual breaches have caused financial loss to Plaintiff Five Star, for which it is entitled to recover actual damages, consequential damages, interest, penalties, attorneys' fees, and any other legal or equitable relief to which it is justly entitled.

## <u>COUNT 2 – Conversion</u>

25.     Five Star incorporates by reference all preceding paragraphs.

26.     Oil, gas and other minerals severed from realty become personal property that can be converted.

27.     Plaintiff Five Star owns personal property in the form of oil, gas and other minerals severed from realty by Defendant Parsley and is an interest owner entitled to royalties from the sale of minerals by Defendant Parsley.

28.     Defendant Parsley has wrongfully exercised dominion and control over Plaintiff's personal property by failing to pay royalties owed to Plaintiff from the sale of minerals owned by Plaintiff Five Star in a manner inconsistent with Plaintiff's rights.

29.     Defendant Parsley's conduct was of a wanton and malicious nature.

30.     Plaintiff Five Star is entitled to recover actual damages, exemplary damages, interest, and court costs as a result of Defendant Parsley's conduct.

## <u>COUNT 3 – Unjust Enrichment</u>

31.     Plaintiff Five Star incorporates by reference all preceding paragraphs.

32.     Plaintiff Five Star provided for Defendant Parsley valuable materials in the form of minerals produced from the leased premises.

33.     Defendant Parsley accepted the minerals from Plaintiff Five Star.

34.     Defendant Parsley had reasonable notice that Plaintiff expected compensation for the oil, other liquid hydrocarbons or liquefiable hydrocarbons and/or natural gas provided, but did not fully compensate Plaintiff Five Star for those minerals.

35.     Plaintiff Five Star is entitled to recover damages for the reasonable value of the materials, prejudgment and post-judgment interest, court costs, and reasonable attorney fees.

<u>**COUNT 4** – **Security Interest and Statutory Lien**</u>

36.     Plaintiff incorporates by reference all preceding paragraphs.

37.     Plaintiff Five Star is an interest owner who owns an entire or fractional interest in oil and gas production at the time of severance, or a person who has an express, implied, or constructive right to receive a monetary payment determined by the value of oil or gas production by the amount of production.

38.     Plaintiff Five Star's interest is evidenced by a deed, mineral deed, reservation in either, oil or gas lease, assignment, or any other such record recorded in the real property records of Upton County, Texas and Reagan County, Texas.

39.     Defendant Parsley has signed an agreement to purchase oil or gas production, issued a division order, or made voluntary communication to Plaintiff Five Star recognizing Plaintiff Five Star as an interest owner with a right under real property law.

40.     Defendant Parsley is an operator and engaged in the business of severing oil or gas production from the ground.

41.     Defendant Parsley is a first purchaser and operator that receives production proceeds from a third-party purchaser who acts in good faith under a division order or other

agreement authenticated by Defendant under which Defendant collects proceeds of production on behalf of other interest owners.

42.     Plaintiff Five Star is entitled to a security interest and lien in the mineral production, and also in the identifiable proceeds of that production owned by, received by, or due to Defendant Parsley, pursuant to Texas Business and Commerce Code § 9.43.

## COUNT 5 – Attorney's Fees

43.     Plaintiff Five Star incorporates by reference all preceding paragraphs.

44.     As a result of Defendant Parsley's actions and the need to protect their interests, Plaintiff has retained the law firm of Thompson & Knight LLP to represent it in this action. Plaintiff Five Star has agreed to pay the law firm of Thompson & Knight LLP attorneys' fees.

45.     Plaintiff Five Star seeks recovery of all reasonable and necessary attorney's fees pursuant to Chapter 37 and/or 38 of the Texas Civil Practices and Remedies Code, and Tex. Nat Res. Code § 91.406 and, if applicable, specific contract provisions.

## FRAUDULENT CONCEALMENT

46.     To the extent Parsley raises the affirmative defense of limitations, fraudulent concealment applies to toll the accrual of Five Star's claims.  As reflected in the allegations set forth above, (1) Parsley had actual knowledge of the wrong, (2) Parsley concealed the wrong by making a misrepresentation or by remaining silent when it had a duty to speak, (3) Parsley had a fixed purpose to conceal the wrong, and (4) Five Star reasonably relied on the misrepresentation or silence.

## REQUEST FOR RELIEF AND PRAYER

47.     Wherefore, Plaintiff Five Star requests that, upon final trial of this matter, judgment be entered for Plaintiff against Defendant Parsley, awarding Plaintiff all relief to which

Plaintiff is entitled as a result of the wrongful acts and omissions described herein, including, without limitation, the following:

48.    A determination that Defendant Parsley breached obligations owed to Plaintiff Five Star;

49.    Actual and consequential damages;

50.    Applicable statutory penalties;

51.    Punitive damages;

52.    Forfeiture of all profits associated with Defendant's wrongdoing;

53.    Pre and post judgment interest at the highest rate allowed by law;

54.    Statutory penalties and interest as provided at Tex. Nat. Res. Code §§ 91.401 – 91.404;

55.    An award of attorneys' fees and expenses; and

All other and further relief to which Plaintiff Five Star is justly entitled.

Respectfully submitted,

THOMPSON & KNIGHT LLP

By:  /s/ Jeff Ballew
        Jeff Ballew
        State Bar No. 01654980
        Jeff.Ballew@tklaw.com

1722 Routh Street, Suite 1500
Dallas, Texas 75201
Phone:  214-969-1700
Fax:     214-969-1751

ATTORNEYS FOR PLAINTIFF